# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ANTHONY JONES,**

    Plaintiff,                 CIVIL ACTION NO. 16-cv-10711

    v.                          DISTRICT JUDGE TERRENCE G. BERG

**WARREN EVANS, et al.,**         MAGISTRATE JUDGE MONA K. MAJZOUB

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Anthony Jones filed the instant complaint on February 25, 2016, against Wayne County Executive Warren Evans, and the "4th Floor Deputies" of the Wayne County Jail. (Docket no. 1.) In the Complaint, Plaintiff attempts to allege various constitutional violations under 42 U.S.C. § 1983. All pretrial matters have been referred to the undersigned for consideration. (Docket no. 7.)

## I. RECOMMENDATION

The undersigned recommends that this matter be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan Local Rule 41.2.

## II. REPORT

As stated, this case was filed on February 25, 2016. (Docket no. 1.) On March 15, 2016, an Order was issued directing service without prepayment of costs and authorizing the U.S. Marshal to collect costs after service is made. (Docket no. 5.) On December 28, 2016, a second Order was issued directing service specifically as to Defendant Warren Evans at the address provided by Plaintiff. (Docket no. 8.) On January 20, 2017, the summons issued for Defendant

Evans was returned unexecuted, with the note, "UNABLE TO FORWARD" from the post office. (Docket no. 11.) Plaintiff has not provided any other addresses for Defendant Evans, who has yet to be served; the "4th Floor Deputies" have yet to be named and therefore also have not been served.

On February 1, 2017, the undersigned entered an Order to Show Cause why Defendants should not be dismissed based on Plaintiff's failure to serve Defendants, pursuant to Federal Rule of Civil Procedure 4(m). Plaintiff was served with this Order to Show Cause at his address of record at the Wayne County Jail; however, it appears Plaintiff was released and that the Order was returned as undeliverable. (*See* docket nos. 10, 13, 14.) Plaintiff has not updated his address, nor has he filed anything else on the docket of this case since filing his Complaint. Notably, he never responded to the Order to Show Cause, which clearly explained that his case could be dismissed as Defendants had not yet been served.

Under Federal Rule of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with a court order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962); *Steward v. City of Jackson, Tenn.*, No. 00-6011, 2001 WL 278687, at *1 (6th Cir. Mar. 13, 2001) (unpublished). Moreover, Local Rule 41.2 provides that "when . . . the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown." E.D. Mich. LR 41.2. The undersigned attempted to give Plaintiff notice that he needed to take action or risk dismissal of this case, but he has not updated his address or taken any action on this case since being released from jail more than seven months ago. Plaintiff has had a reasonable amount of time to prosecute his case or at least notify the Court of his new address, but he has failed to do so. Accordingly, the undersigned recommends

that Plaintiff's Complaint be dismissed for failure to comply with the Court's order and for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan Local Rule 41.2.

## III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 29, 2017      s/ Mona K. Majzoub
                            MONA K. MAJZOUB

UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon Anthony Jones on this date.

Dated: August 29, 2017           <u>s/ Leanne Hosking</u>
                                          Case Manager Generalist